## Manbar Corp., Inc., v. August

*Herbert K. Fisher*, for plaintiff.

*Franklin H. Spitzer, Jr.*, for defendant.

GLEESON, J., July 26, 1961.—Plaintiff has been a tenant of defendant at the premises 254 South Fifteenth Street, Philadelphia, Pa., since 1955, using the premises for the operation of a restaurant and bar.

The present controversy arises from a lease entered into by the parties on March 26, 1958, for a term commencing February 24, 1958, and ending September 23, 1962. Plaintiff admits that as of May 17, 1961, it was in arrears for rent due under the lease in the sum of $1,990.67. It avers that on that date a tender of such arrears in full was made, and that it was refused by defendant, and that on May 19, 1961, defendant gave notice to plaintiff of intention to terminate the lease. Plaintiff avers a second tender on May 22, 1961, and a second refusal by defendant. Plaintiff seeks to restrain defendant from terminating the lease and from leasing the premises to anyone other than plaintiff during the term of the lease.

Defendant avers that plaintiff was in default under other provisions of the lease in addition to the arrears in rent, and was so notified by defendant on May 17, 1961; that both tenders made on behalf of plaintiff were conditioned upon a waiver by defendant of all defaults under the lease; that the tenders were, therefore, improper and the lease was terminated as of May 22, 1961.

### Findings of Fact

1. Plaintiff and defendant entered into a lease for the premises 254 South Fifteenth Street on March 26, 1958, for a term commencing February 24, 1958, and ending September 23, 1962: Exhibit P-1.

2. As of May 16, 1961, plaintiff was in arrears for rent due under the lease in the sum of $1,990.67.

3. As of May 16, 1961, plaintiff had been levied upon by the Internal Revenue Service (levy made March 23, 1961) (exhibit D-3) and had ceased to operate its business on the premises.

4. On May 16, 1961, Mrs. Rose Schlesinger requested defendant to approve a subletting of the lease by plaintiff to her and offered to pay the arrears in

rent due defendant from plaintiff if the subletting were approved: Exhibit D-1.

5. On May 17, 1961, Mrs. Rose Schlesinger tendered a treasurer's check in the sum of $1,990.67 on behalf of plaintiff to defendant for the arrears in rent, the acceptance of which was conditioned upon the waiver by defendant of all defaults by plaintiff under the lease; this tender was refused by defendant.

6. On May 19, 1961, plaintiff received written notice from defendant under date of May 17, 1961, of the arrearage in rent in the sum of $1,990.67, of default under section 8(c) of the lease by virtue of having suffered a levy by the Internal Revenue Service, and demanding, pursuant to the acceleration provisions of section 13(e) of the lease, the rent due for the unexpired term, less deposit credit, in the sum of $6,200: Exhibit P-2.

7. On May 22, 1961, Mrs. Rose Schlesinger, on behalf of plaintiff, tendered to defendant a certified check in the sum of $1,990.67 for the arrearage in rent, the acceptance of which was conditioned upon the waiver by defendant of all defaults by plaintiff under the lease (exhibit D-5); this tender was refused by defendant.

### Discussion

Plaintiff was unquestionably in default under several provisions of the lease from March to May 1961. However, up to and including May 16, 1961, defendant did not take the steps which he might have taken to terminate the lease. Then plaintiff requested defendant to approve a subletting of the lease to Mrs. Rose Schlesinger, who had also agreed to pay plaintiff's arrearage in rent.

Mrs. Rose Schlesinger was called as a witness by plaintiff, and the court had the opportunity of hearing her testify. Based on that testimony and the fact that nothing to the contrary was shown by defendant, the

court finds her to be a person fully competent and qualified as a proposed sublessee of the lease and one as to whom defendant could not reasonably withhold approval under ordinary circumstances.

In view of this and our conclusions of law numbers 5 and 6, that no proper termination of the lease was effected by defendant and that the lease, therefore, subsists and remains in force, the question which must be decided by the court is whether plaintiff has a right to sublet the lease at a time when it is in default thereunder.

Certainly, defendant is entitled to his remedies under the lease for breach of its conditions by plaintiff. However, in accordance with section 40 thereof, before resorting to such remedies defendant was bound to give plaintiff notice of defaults and five days thereafter in which to cure them. Defendant could not demand payment of the rent arrearage within five days and in the same demand, before plaintiff had a chance to pay the arrearage, accelerate the rent for the balance of the term of the lease: Exhibit P-2. Furthermore, it should be noted that, by the same section 40, defaults other than in the payment of money are given more than five days to cure, provided steps are taken to cure within five days. This latter provision is particularly applicable to the levy. So we have in the case at bar a situation wherein the landlord, defendant, notified the tenant, plaintiff, of two defaults in the lease but improperly accelerated the rent for the balance of the term, and the tenant or a prospective sublessee made a tender of arrearages of rent, attaching conditions to the tender which the one making the tender had no right to attach. Before anything else is done by either side, the present action is instituted. With an improper notice on the one side and an improper tender on the other side, the court could leave the parties where it found them, but, if it

did so, it would not be accomplishing an equitable result for either one.

Although plaintiff is unable to continue its business because of the loss of its liquor license, among other things, its interest in continuing the lease in force, if only to sublet it, is a real and substantial one, as witness Mrs. Rose Schlesinger's willingness to pay plaintiff's arrearages in rent and its Federal tax debt totaling in the aggregate some $8,000. And plaintiff has a right to obtain the benefit of continuing the lease in force if, within the time limits prescribed by section 40, it can cure its defaults, to wit: arrearages in rent, suffering a levy upon the premises and permitting the premises to remain unoccupied.

A reasonable and proper cure for these defaults would seem to be for plaintiff to pay the arrearages, have the Federal tax lien removed from the premises and the levy discharged and resume occupation of the premises. If substantially the same result can be achieved by subletting the lease to Mrs. Rose Schlesinger, who under ordinary circumstances would be a proper sublessee, may it not be treated under all the circumstances as a reasonable, proper and equitable mode of curing the defaults in question? We think it can and should be so treated.

The arrearages may be paid by Mrs. Rose Schlesinger. She is a financially responsible person who intends to resume business at the premises. The levy by the Internal Revenue Service has run its course, having resulted in a sale on May 18, 1961, and Mrs. Rose Schlesinger has agreed to pay plaintiff's Federal tax debt, and this appears to be all that can be done in this regard, if said promise is fulfilled. . . .

### Decree Nisi

And now, to wit, July 26, 1961, it is ordered, adjudged and decreed that the lease of March 26, 1958,

94

entered into between plaintiff, Manber Corporation, and defendant, Henry W. August, for the premises 254 South Fifteenth Street, Philadelphia, Pa., subsists and remains in effect and that the subletting of the premises by plaintiff to Mrs. Rose Schlesinger is lawful and the same shall be approved by defendant and there shall be tendered to defendant by plaintiff or Mrs. Rose Schlesinger within 10 days hereof all arrearages in rent up to the date of the tender; and if said tender is not made accordingly, defendant has the right to terminate the lease as against plaintiff and Mrs. Rose Schlesinger and anyone claiming under them or either of them, and defendant has the right to pursue any and all remedies against plaintiff provided in the lease.